United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | |
|---|---|
| **SHAMSULLAH HOOTKHIL,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| **VS.** § | **CIVIL ACTION NO. 5:26-CV-00768** |
| § | |
| **RIO GRANDE DETENTION CENTER,** *et* § | |
| *al.*, § | |
| § | |
| **Respondents.** § | |

**ORDER**

On May 29, 2026, the Court granted in part Petitioner Shamsullah Hootkhil's ("Petitioner")

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and ordered Respondents provide

Petitioner with an individualized custody review before an Immigration Judge (IJ) at which the

Government bore the burden of proving, by clear and convincing evidence, that Petitioner presents

a risk of flight or a danger to the community within 7 days, or else release Petitioner. (Dkt. 7 at 6.)

On June 4, 2026, Petitioner filed a Status Report, (Dkt. 8), and Emergency Motion for

Immediate Release, (Dkt. 9), alleging that an individualized custody hearing was held for

Petitioner before an IJ on June 4, 2026, but that the custody review failed to address the

constitutional violations the Court identified in its May 29, 2026 Order. (*Id.* at 2–4.) Petitioner also

alleges that at the custody redetermination hearing, the IJ determined that Petitioner is not a danger

to the community but is a flight risk based only on the absence of scheduled hearing dates in

Petitioner's removal proceedings while his appeal to the Board of Immigration Appeals (BIA)

remains pending. (*Id.* at 3–4.)

1 / 3

On June 5, 2026, Respondents filed a Status Report, (Dkt. 10), stating that "[o]n June 4, 2026, Petitioner was provided a custody redetermination hearing pursuant to 8 C.F.R. § 1236 before an Immigration Judge (IJ). After full consideration of the evidence presented, the IJ found Petitioner to be a flight risk." (*Id.* at 1–2) (internal citation omitted). Respondents attached a copy of the IJ's order where the IJ explains that Petitioner "is a flight risk for the reasons enumerated on the Court's record." (*Id.*, Attach. 1.)

In its Order dated May 29, 2026, (Dkt. 7), the Court explicitly placed the burden on the government to prove, by clear and convincing evidence, Petitioner was a flight risk or danger to the community or else release Petitioner from custody immediately. (*Id.* at 6.) As such, Petitioner's allegations that the IJ may have failed to properly place the burden on the government to demonstrate that Petitioner is a flight risk or properly weigh any mitigating evidence is serious and, if proven, would entitle Petitioner to immediate release.

Accordingly,  Respondents are hereby **ORDERED** that (1) **within 3 days** they must file a supplemental notice supporting their position that the bond hearing held by Immigration Judge Courtney Stevens on June 4, 2026, complies with the Court's May 29, 2026 Order and provide a transcript or recording of the bond proceedings and copy of the accompanying evidentiary submissions to the Court, **OR** (2) they must **IMMEDIATELY RELEASE** Petitioner from custody, under reasonable conditions of supervision, during the pendency of Petitioner's removal proceedings.

If Respondents choose to release Petitioner, they are **ORDERED** to file a notice confirming Petitioner's release **no later than June 26, 2026**. Respondents must also return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

2 / 3

IT IS SO ORDERED.

SIGNED this June 22, 2026.

_____
Diana Saldaña
United States District Judge